Thomas R. Curlett and Cora Agnes Curlett, as Administratrix of James Curlett, deceased,

*vs.*

Harry Emmons, Trustee.

*New Castle, April* 5, 1910.

When the complainant elects to go to hearing on bill and answer all the well pleaded averments of the answer are taken to be true.

Real estate was conveyed by tenants in common in trust for sale, the proceeds to be applied to the payment of liens of record, and the share of each grantor was chargeable with the amount necessary to discharge the liens against them respectively. When the deed was made there was a judgment against T. R. C., one of the grantors, the lien of which expired before the sale was made and before it was paid by the trustee from the proceeds of sale. Before the lien expired the trustee in order to carry out the trust made an agreement with the judgment creditor whereby the creditor forbore to collect the judgment until the trustee should make a sale of the trust property. *Held,* that the trustee should be allowed as a credit the amount so paid by him to discharge the lien of the judgment, though the lien of it had then expired.

The trustee refused to pay over the share of another beneficiary because of a claim made by another of the grantors, D. B. C., not a party to the suit, to be the equitable assignee of the share of J. C., because of the payment by D. B. C. of judgments against J. C. with moneys furnished by D. B. C. under an agreement with J. C. to reimburse him from proceeds of the land. It appeared that the agreement was made and the judgments paid and satisfied of record before the trust deed was made. *Held,* that by the trust deed, which authorized the trusteee to pay only liens of record, D. B. C. had waived and relinquished any right as equitable assignee of the share of J. C.

Bill for an Accounting by a Trustee. The bill was filed by beneficiaries under a deed of trust against the trustee to compel settlement, and was in the nature of a bill for an account. By a deed dated September 26th, 1895, Thomas R. Curlett, one of the complainants, David B. Curlett and James Curlett and others conveyed a tract of land in Wilmington to Harry Emmons, the defendant, in trust, to sell the land as

soon as he conveniently could and convey it to the purchasers
and apply the proceeds:   (1) to the payment and discharge of
all liens of record against the property;  (2) to pay three desig-
nated mortgages made by a prior owner, (as to which there is
no dispute);  and  (3) to divide the balance among the tenants
in common, the grantors, "according to their several rights and
interest in the above described real estate at the time of the
execution of this Indenture, the share of any of said  parties
against whom there are liens of record covering their interest
in said real estate being chargeable with the amount needed
to satisfy and discharge said liens."   The complainants were
Thomas R. Curlett and Cora Agnes Curlett, the administratrix
of James Curlett, deceased.   It is alleged by the bill that in
1905 the land was sold by the trustee, and that the defendant
refused to settle with Thomas R. Curlett for his share until
the trustee had been allowed for the amount paid by the trustee
on account of a judgment against Thomas R. Curlett and that
the defendant refused to settle with the administratrix of James
Curlett until allowance had been made for the amount paid
by the defendant on account of a judgment against James
Curlett, and also averred that the defendant as attorney for
David B. Curlett had made a claim against the share of James
Curlett.   By his answer the defendant admitted these allega-
tions.   The two judgments, one against Thomas R. Curlett
and the other against James Curlett, were liens against their
shares in the trust property when the deed was made, but by
a law then in force  limiting the lien of judgments, the lien
thereof had expired before the sale of the land.   It was ex-
plained in the answer that the real estate was not sold until
1905 because of lack of a market for it until that time.   Also
that the judgment creditors had forborn to enforce collection
of the judgments pursuant to an agreement made with them
by the trustee;  that this was necessary to carry out the trust;
and that James Curlett knew of the arrangement.   The defen-
dant claimed to be allowed amounts so paid.   As to the share
of James Curlett, it was also alleged that certain judgments
against James Curlett had been paid by David B. Curlett,
at the request of James Curlett, from moneys furnished by

David B. Curlett, and that David B. Curlett had claimed an equitable lien or assignment of the share of James Curlett, to reimburse him. These judgments against James Curlett were satisfied of record prior to the making of the trust deed, and, therefore, were not then liens of record against the property. David B. Curlett was not a party to the suit, though a party to the deed of trust.

The cause was heard on bill and answer.

*Thomas F. Bayard*, for the complainants.
*Anthony Higgins*, for the defendant.

THE CHANCELLOR: The complainants having elected to go to hearing on bill and answer, they thereby admit every well pleaded averment of the answer to be true. 2 *Daniel's Chancery Pleading and Practice*, 982; *Langdell's Summary of Equity Pleading*, § 83. There are two separate cases united in one, that of Thomas R. Curlett and that of the administratrix of James Curlett, and the cases are alike in some respects and different in others. With respect to the amounts paid by the trustee to settle the two judgments, one against Thomas R. Curlett and the other against James Curlett, the cases may be considered together; but with respect to the claim of David B. Curlett the case of James Curlett must be considered separately.

Respecting the two judgments, it appears that they were both liens of record against the interest of the debtors in the trust land when the trust deed was made, but the lien thereof had expired when the land was sold and when the judgments were paid by the trustee. It may be quite reasonably held that if they were liens of record when the deed was made, the trustee was justified in paying the judgments even after the lien thereof had expired by operation of the statute limiting the lien of judgments, and even though the property was not sold until the lien had expired. Such would be the result of a literal interpretation of the deed and be within the purpose of the deed, evident from the terms thereof. But the decision will not be based on such narrow ground, for the answer furnishes an additional ground for so holding.

It is urged by the respondent in his brief, that by the trust

deed the creditors of Thomas R. Curlett and James Curlett, who then had liens of record, acquired interests as *cestuis que trust*, and that the act limiting the lien of judgments did not apply so as to bar their rights to have their debts paid and discharged from the shares of their debtors, although the trust property was not sold until after the statutory period expired. That this rule applies respecting devises and charges by will for the payment of debts out of real estate seems-to be settled, as to debts of the decedent not barred at the time of the death of the testator. *Hill on Trustees*, 341; 2 *Perry on Trusts*, § 601; *Alexander v. McMurray*, 8 *Watts* 504; *Seitzinger's Estate*, 170 *Pa. St.* 531, 32 *Atl.* 1101. And it is urged that the same principle applies to trusts under deeds for the payment of debts; but no authorities are cited except the opinion of *Hill*. This case, however, is not decided upon this principle, but upon an interpretation of the deed of trust, and a consideration of the allegation of the answer.

The trustee in this case should be allowed as credits as against Thomas R. Curlett and the administratrix of James Curlett, the amounts paid by him to settle the judgments against Thomas R. Curlett and James Curlett, respectively, because of the agreement made by the trustee with the judgment creditors. The lien of both judgments expired soon after the deed of trust was made, the judgment against Thomas R. Curlett on January 1st, 1896, less than four months thereafter, and that against James Curlett in 1898, while the trustee was unable to sell the estate until 1905. The trustee not being able to sell the property made an agreement with the creditors whereby they forbore proceeding to collect their judgment and gave time for payment until the sale could be made. It is expressly averred in the answer that this agreement "was necessary for more effectually carrying out the purpose of said trust by said defendant." If made before the liens expired, such an agreement under such circumstances was clearly within the powers of the trustee and so clearly advantageous to the judgment debtors that the trustee should be protected in what was done pursuant to that agreement. It does not appear in the answer by absolutely clear averment when the agree-

ment to forbear was made, or when the judgments were paid; but it is a fair conclusion from the language of the answer that the agreement was made before the lien of the judgments expired, and that the judgments were paid after the trust property was sold and from the proceeds thereof. In paragraph ten of the answer the trustee stated that at the time the trust deed was made in 1895 there was no market for the land, and finding it necessary to pay the whole amount of the judgment "at once", made the agreement for forbearance. Taking the averments of the answer most strongly against the defendant, it can only mean that the agreement was made before the lien expired and to carry out the trust.

Under such circumstances the amounts so paid by the trustee to discharge these judgments should be allowed. In addition, it appears affirmatively that the conduct of the trustee in dealing with the judgment creditors was known to James Curlett and was with his consent, which must be conclusive as to the amount paid on his account. Nor does it seem matters of consequence that settlement with his judgment creditor was made and the judgment satisfied of record before the trust property was sold, or that the judgment was at one time marked to the use of the trustee individually.

The case of the administratrix of James Curlett presents a further and different matter for consideration, viz: the claim of David B. Curlett against the share of James Curlett of the proceeds of sale. By the bill it is alleged that the trustee declined to pay to the administratrix of James Curlett his full share of the trust estate for the further reason that the trustee as attorney for David B. Curlett claimed that James Curlett owed David B. Curlett a debt, the character of the transactions not being set out in the bill. In his answer the trustee admits the allegation of the bill and states the further details of the claim of David B. Curlett thus: Prior to the making of the deed of trust in 1895, there were eight judgments against James Curlett which were then liens of record against his interest in the trust property, and David B. Curlett undertook to make settlement thereof so as to free the land from the lien of the judgments. Seven of the judgments

were settled by David B. Curlett with moneys furnished by David B. Curlett at the request of James Curlett "under an express but verbal agreement on the part of James Curlett that the moneys should be repaid to the said David B. Curlett out of the interest of said James Curlett in the proceeds of sale of the aforesaid lands and premises when the same should be subsequently sold", as alleged in the answer. These seven judgments had all been satisfied of record at the time the trust deed was made in 1895. The remaining judgment unpaid and unsatisfied of record was that of Philip R. Clark.

By the answer it is further alleged that David B. Curlett had demanded from the defendant the amount so paid by him to settle the seven judgments with interest, as an equitable lien upon the distributive share of James Curlett and that the amount so paid with interest exceeds the share of James Curlett in the proceeds of sale of the trust property.

It may be that David B. Curlett, prior to the making of the deed of trust in 1895, had an equitable lien against the share of James Curlett by reason of the payments by him of the seven judgments against James Curlett, or might have claimed to be in equity the assignee thereof to the extent of the amount so paid, and the authorities cited by the defendant seem to establish the principle. 3 *Pom. Eq. Jr.*, § 1211; *Rachal v. Smith*, 101 *Fed.* 159; *Cumberland, &c., Asso. v. Sparks*, 111 *Fed.* 647. But by the execution of the deed of trust David B. Curlett waived and relinquished such rights; for by that deed, to which both he and James Curlett were parties, an entirely different arrangement was made, binding on both, and this deed provided that the share of James Curlett of the proceeds of sale of the property were applicable to the payment of such debts or claims only as were liens of record at the time the deed was made, and that this excluded all other claims against it, including that of David B. Curlett.

The defendant urges that the rights of David B. Curlett should not be adjudicated in this cause, to which he is not a party. But it must be noted that the claim of David B. Curlett is made by the trustee as attorney for David B. Curlett, and, therefore, the trustee has brought his claim into the

case. Furthermore, Chancellor Nicholson in an opinion given in this cause, in disposing of exceptions to the answer, held, nearly a year before the case was heard on bill and answer, that the claim of David B. Curlett was a matter for a cross bill. Under such circumstances it is clearly inequitable to allow the trustee to set up the existence of the claim of David B. Curlett as a defense to the demand of the administratrix of James Curlett for a full settlement. Therefore, the trustee must settle with the administratrix of James Curlett notwithstanding the existence of the claim of David B. Curlett.

The bill prays for an accounting by the trustee and any decree must be in accordance with the prayers of the bill and the conclusions of the Court. It is held, therefore, that in the settlement of the defendant with Thomas R. Curlett, the defendant is to be allowed as a credit the amount paid by him to discharge the judgment formerly held by the National Bank of Wilmington and Brandywine against Thomas R. Curlett, which amount, by paragraph fourteen of the answer, is $271.76. Inasmuch as the defendant prevailed as to against Thomas R. Curlett, the latter should pay his share of the costs of the cause, being one-half thereof.

In the settlement of the defendant with the administratrix of James Curlett, the defendant is to be allowed as a credit the amount paid by him to discharge the judgment formerly held by Philip R. Clark against James Curlett, the amount so paid, according to the answer, being $212; and the defendant is to settle with the administratrix for the balance of the share of James Curlett, without any deduction on account of the amount claimed by David B. Curlett. Inasmuch as neither the complainant, Cora Agnes Curlett, administratrix of James Curlett, or the defendant, prevailed entirely, but each prevailed in part as to the other, the remaining one-half of the costs of the cause should be divided between the administratrix of James Curlett and the defendant.

The death of James Curlett and the appointment of Cora Agnes Curlett as his administratrix, alleged in the bill and not admitted by the answer, or otherwise proved, was admitted to be true at the argument by the solicitor for the defendant.

Let a decree be entered accordingly.